IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GZ GOURMET FOOD AND BEVERAGE, INC. a California Corporation | ) ) | |
| Plaintiff, | ) | |
| -vs- | ) ) | Civil Action No. 07C 7110 |
| RADIOACTIVE ENERGY OF ILLINOIS, LLC., an Illinois Limited Liability Company; and WALTER ASCHER, an Individual, | ) ) ) ) ) | Judge Dow Magistrate Judge Brown |
| Defendants. | ) | |

INITIAL JOINT STATUS REPORT

Plaintiff GZ Gourmet Food and Beverage, Inc. ("GZ") and defendant Radioactive Energy of Illinois, LLC, ("RE of I") through their respective counsel, submit this Joint Initial Status Report pursuant to this Court's standing order.

A. The attorneys of record:

For GZ Gourmet Food and Beverage, Inc.

Peter Ordower, who is expected to try this case on behalf of GZ
The Law Office of Peter Ordower
10 S. LaSalle Street
Suite 3500
Chicago, IL 60603
312-263-8060

For Radioactive Energy of Illinois, Inc.

Steven Brian Ekker, who is expected to co-try this case on behalf of RE of I
James F. McCluskey, who is expected to co-try this case on behalf of RE of I
Momkus McCluskey, LLC
3051 Oak Grove Road, Suite 220
Downers Grove, IL 60515
630-434-0400

B. <u>The bases for federal jurisdiction</u>:

GZ asserts violations of the Lanham Act, 15 USC Section 1125(a) and (d), making jurisdiction appropriate under 28 USC Section 1331. GZ also asserts additional causes of action under Illinois law and that supplemental jurisdiction over those claims is appropriate pursuant to 28 USC Section 1367. Those additional claims include: violation of the Illinois Uniform Deceptive Practices Act, 815 ILCS Section 510/1 et seq.; violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS Section 505/1, et seq.; violation of the Illinois Anti-Dilution Act, 765 ILCS Section 1036/65 et seq.; Trademark infringement under 765 ILCS 1036170 et seq.; breach of contract; and fraud.

C. <u>The nature of the claims</u>:

Plaintiff GZ Gourmet Food and Beverage, Inc. ("GZ") is a California based manufacturer and seller of an energy drink called Radioactive Energy ("RE"). GZ claims certain trademark rights and other intellectual property rights relating to the name and design of RE and a website operated by GZ. GZ alleges that it entered into distribution agreements with defendant Walter Ascher ("Ascher") whereby Ascher undertook to distribute RE on behalf of GZ in certain territories. GZ further alleges that it subsequently terminated Ascher as a distributor. GZ claims that Ascher, together with his company, defendant Radioactive Energy of Illinois, LLC ("RE of I"), have and continue to infringe on GZ's trademarks, identity, and other intellectual property by, among other things, holding Ascher out as the owner of RE, creating and maintaining a website creating confusion over the source and ownership of RE, and posting billboards with images unapproved by GZ. GZ also contends that Asher misrepresented certain facts in order to become a distributor of RE. In addition, GZ claims that Asher breached his distributorship agreements by, among other things, failing to reasonably distribute and sell RE in his assigned territories, failing to purchase minimum quantities of RE, failing to pay for shipments of RE, and creating and using unapproved marketing materials.

GZ's claims include violation of the Lanham Act, 15 USC Section 1125(a); violation of the Illinois Uniform Deceptive Practices Act, 815 ILCS Section 510/1 et seq.; violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS Section 505/1, et seq.; violation of the Illinois Anti-Dilution Act, 765 ILCS Section 1036/65 et seq.; violation of the Anticybersquatting Consumer Protection Act, 15 USC Section 1125(d)(1)(A); breach of contract; and fraud. GZ seeks damages and injunctive relief.

RE of I has not filed a responsive pleading as of the submission of this Status Report. RE of I states for the purpose of this Status Report, however, that it denies the substantive allegations of GZ's complaint, denies any wrongdoing, and that it intends to assert numerous affirmative defenses upon the filing of its responsive pleading, herein. In addition, RE of I and Walter Ascher filed a complaint in Illinois state court against GZ and R. Richard Saxby, its principal. That case, which was removed by GZ to the United States District Court for the Northern District of Illinois, is captioned Radioactive Energy of Illinois, LLC, et. al. v. GZ Gourmet Food & Beverage, Inc., et. al., No. 08C 0311 and is now pending before Judge Andersen. While RE of I does not intend to file a counterclaim, herein, RE of I asserts that 08C 0311 arises out of the same set of facts and circumstances as the instant action.

D. <u>Non-service of process</u>:

Service has been attempted on defendant Walter Ascher but he has not yet properly been served.

E. <u>The principal legal issues are</u>:

1) Whether defendants violated the Lanham Act.

2) Whether defendants violated the Illinois Uniform Deceptive Trade Practices Act.

3) Whether defendants violated the Illinois Consumer Fraud and Deceptive Practices Act.

4) Whether defendants violated the Illinois Anti-Dilution Act.

5) Whether Defendants violated the Anticybersquatting Consumer Protection Act.

6) Whether defendants violated any agreements with the plaintiff.

7) Whether defendants committed fraud.

8) Appropriate remedies to be awarded in the event defendants engaged in any of the violations listed above.

9) RE of I contends the legal issues will also include affirmative defenses that it ultimately pleads.

F. <u>The principal factual issues are</u>:

1) Whether defendant Ascher made material misrepresentations to plaintiff in order to become a distributor.

2) The terms of any distributorship agreements between the plaintiff and the defendants.

3) Whether defendants violated the distributorship agreements with plaintiff.

4) Whether plaintiff holds protectable rights relating to the RE drink.

5) Whether defendants infringed on any legally protected rights of the plaintiff relating to the RE drink.

6) Whether defendants engaged in acts or unfair practices which could confuse consumers as to the ownership, source, or attributes of the RE drink.

7) Whether defendants used unapproved marketing materials relating to the RE drink

8) Whether defendants otherwise damaged the plaintiff or infringed on its rights.

9) What if any damages plaintiff incurred arising from any unlawful acts of the plaintiffs.

G. <u>Whether a jury trial has been demanded</u>:

A jury trial has not been demanded.

H. <u>Discovery status and scheduling</u>:

No discovery has been conducted yet. The parties propose the following discovery schedule:

1) Disclosures pursuant to Fed.R.Civ.P. 26(a)(1) to be made by April 7, 2008.

2) All fact discovery to be completed by December 31, 2008.

3) Reports from retained experts under Fed.R.Civ.P. 26(a)(2) shall be due:

From plaintiff by January 31, 2009; and

From defendants by March 3, 2009.

4)   All discovery from experts shall be completed by April 3, 2009.

I.   <u>Trial</u>:

The parties should be ready for trial by July 1, 2009. Trial is estimated to take 5 to 7 days.

J.   <u>Magistrate Consent</u>:

The parties do not unanimously consent to proceed before a Magistrate Judge.

K.   <u>Settlement Discussions</u>:

No settlement discussions have occurred.

L.   <u>Settlement Conference Request</u>:

The parties do not seek a settlement conference at the present time.


__s/_____
Peter Ordower
The Law Office of Peter Ordower
10 S. LaSalle Street
Suite 3500
Chicago, IL 60603
312-263-8060


___s/_____
Steven Brian Ekker
James F. McCluskey
Momkus McCluskey, LLC
3051 Oak Grove Road, Suite 220
Downers Grove, IL 60515
630-434-0400

W:\26_59\4231.070508\Federal Court Action\Atty Notes\Joint Initial Status Report Final.doc

5