IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GZ GOURMET FOOD AND BEVERAGE, INC.,   )
a California Corporation,   )
  )
Plaintiff,   )
  )
v.   )      No. 07 CV 7110
  )
RADIOACTIVE ENERGY OF ILLINOIS, LLC,   )
an Illinois Limited Liability Company, and   )      Judge Dow
WALTER ASCHER, an Individual,   )      Magistrate Judge Brown
  )
Defendants.   )

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, RADIOACTIVE ENERGY OF ILLIINOIS, LLC, by its attorneys, MOMKUS McCLUSKEY, LLC, and for its Answer to Plaintiff's First Amended Complaint, states as follows:

1.    Defendant admits that Plaintiff has filed a First Amended Complaint in which Plaintiff claims entitlement to relief under sections 1125 (a) and 1125 (d) of the Lanham Act, the Illinois Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, the Illinois Anti-Dilution Act, for Trademark Infringement under 765 ILCS 1036/70 et. seq., for breach of contract and for fraud, but denies any wrongdoing or liability thereunder. Defendant further denies Plaintiff's characterization of from what this case arises.  The allegations set forth in paragraph 1 of the Complaint inconsistent herewith, and any and all further allegations set forth in paragraph 1 are denied.

2.    Defendant lacks information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 2 of the Complaint, but demands strict proof thereof, and therefore, for purposes of this answer, denies same.

3.    Defendant admits that Radioactive Energy of Illinois, LLC ("REI") is an Illinois limited liability company and that neither GZ Gourmet Food and Beverage, Inc. ("GZ") nor the

Saxbys own any interest in REI. Defendant denies the remaining allegations set forth in paragraph 3.

4.     Defendant admits that Walter Ascher ("Ascher") is the owner and principal of REI, is an experienced business man, has earned a Juris Doctor, is a real estate investor, and maintains a website concerning his endeavors. The allegations set forth in paragraph 4 of the Complaint inconsistent herewith, and any and all further allegations set forth in paragraph 4 are denied.

5.     Paragraph 5 of the Amended Complaint calls for the admission or denial of a legal conclusion, to which no answer is required. To the extent that an answer is necessary, Defendant admits that jurisdiction is appropriate.

6.     Paragraph 6 of the Amended Complaint calls for the admission or denial of a legal conclusion, to which no answer is required. To the extent that an answer is necessary, Defendant admits that venue is appropriate.

7.     Defendant denies the allegations set forth in paragraph 7, including the implicit allegations contained therein.

8.     Defendant lacks information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 8 of the Complaint, but demands strict proof thereof, and therefore, for purposes of this answer, denies same.

9.     Defendant lacks information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 9 of the Complaint, but demands strict proof thereof, and therefore, for purposes of this answer, denies same.

10.     Defendant lacks information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 10 of the Complaint, but demands strict proof thereof, and therefore, for purposes of this answer, denies same.

11.     Defendant lacks information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 11 of the Complaint, but demands strict proof thereof, and therefore, for purposes of this answer, denies same.

12.     Paragraph 12 of the Amended Complaint calls for the admission or denial of a legal conclusion, to which no answer is required.  To the extent that an answer is necessary for purposes of this pleading, the allegations are denied.

13.     Defendant lacks information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 13 of the Complaint, but demands strict proof thereof, and therefore, for purposes of this answer, denies same.

14.     Defendant admits entering into what Plaintiff has deemed the Agreements, affirmatively states that the Agreements speak for themselves, and denies any and all allegations set forth in paragraph 14 that are inconsistent therewith.

15.     Defendant lacks information sufficient to form a belief as to why GZ entered into the agreement but denies that it was based upon any false representations made by Ascher. Defendant denies that Ascher made any false representations.  As to allegations concerning the content of the Agreements Defendant affirmatively states that the Agreements speak for themselves, and denies any and all allegations set forth in paragraph 15 that are inconsistent therewith.  The allegations set forth in paragraph 15 inconsistent herewith, and any and all further allegations set forth in paragraph 15 are denied.

16.     Defendant affirmatively states that the Agreements speak for themselves, and denies any and all allegations set forth in paragraph 16 that are inconsistent therewith.

17.     The allegations set forth in paragraph 17 are denied.

18.     Defendant admits that it received the point of sale materials listed in paragraph 18.  Defendant denies that it is indebted to Plaintiff for those materials and affirmatively states that, at the time the invoices were sent, Plaintiff owed Defendant more than the amount of the invoices, and, therefore, denies being in breach of Section 7.2 of the Agreements.  As to

allegations concerning the content of the Agreements, Defendant affirmatively states that the Agreements speak for themselves, and denies any and all allegations set forth in paragraph 18 that are inconsistent therewith. Any and all further allegations set forth in paragraph 18 inconsistent herewith are denied.

19.    The allegations set forth in paragraph 19 are denied, except to state that the Agreements exist and speak for themselves.

20.    Defendant admits that it rented six billboards in the Chicago area to advertise the Radioactive Energy Drink ("the product') and denies the remaining allegations set forth in paragraph 20 including the allegations implicit therein, except to state that the Agreements and other documents referenced in paragraph 20 exist and speak for themselves.

21.    The allegations set forth in paragraph 21 are denied.

22.    Defendant admits that it registered and currently maintains the website <radioactivena.com> and denies the remaining allegations in paragraph 22, including the allegations implicit therein, except to state that the September 5, 2007 letter from GZ to the Defendants exists and speaks for itself.

23.    The allegations set forth in paragraph 23 are denied.

24.    The allegations set forth in paragraph 24 are denied.

25.    The allegations set forth in paragraph 25 are denied.

26.    The allegations set forth in paragraph 26 are denied

27.    The allegations set forth in paragraph 27 are denied.

28.    The allegations in paragraph 28 are denied, including the allegations implicit therein, except to state that the September 5, 2007 letter from Plaintiff to Defendant exists and speaks for itself.

29.    The allegations in paragraph 29 are denied, including the allegations implicit therein, and Defendant additionally states that it lacks information sufficient to form a belief as to

Plaintiff's alleged disruption of business and loss of value, but demands strict proof thereof, and therefore for purposes of this answer, denies same.

## COUNT I

### Violation of Lanham Act, 15 U.S.C. Section 1125(a)

30.     Defendant repeats and realleges the answers set forth in the preceding paragraphs 1-29 as though fully set forth herein.

31.     The allegations in paragraph 31 are denied.

32.     The allegations in paragraph 32 are denied.

WHEREFORE, Defendant RADIOACTIVE ENERGY OF ILLINOIS, LLC requests that judgment be entered in its favor and for any other relief this Court deems just and equitable.

## COUNT II

### Violation of the Illinois Uniform
### Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.

33.     Defendant repeats and realleges the answers set forth in the preceding paragraphs 1-32 as though fully set forth herein.

34.     The allegations in paragraph 34 are denied.

35.     The allegations in paragraph 35 are denied.

36.     The allegations in paragraph 36 are denied.

37.     The allegations in paragraph 37 are denied.

WHEREFORE, Defendant RADIOACTIVE ENERGY OF ILLINOIS, LLC requests that judgment be entered in its favor and for any other relief this Court deems just and equitable.

## COUNT III

### Violation of the Illinois Consumer
### Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq.

38.     Defendant repeats and realleges the answers set forth in the preceding paragraphs 1-37 as though fully set forth herein.

39.     The allegations in paragraph 39 are denied.

40.    The allegations in paragraph 40 are denied.

41.    The allegations in paragraph 41 are denied.

WHEREFORE, Defendant RADIOACTIVE ENERGY OF ILLINOIS, LLC requests that judgment be entered in its favor and for any other relief this Court deems just and equitable.

## COUNT IV

### Violation of the Illinois Anti-Dilution Act, 765 ILCS 1036/65 et seq.

42.    Defendant repeats and realleges the answers set forth in the preceding paragraphs 1-41 as though fully set forth herein.

43.    The allegations in paragraph 43 are denied.

44.    The allegations in paragraph 44 are denied.

45.    The allegations in paragraph 45 are denied.

WHEREFORE, Defendant RADIOACTIVE ENERGY OF ILLINOIS, LLC requests that judgment be entered in its favor and for any other relief this Court deems just and equitable.

## COUNT V

### Violation of 765 ILCS 1036/70 et seq. Trademark Infringement

__.    Defendant repeats and realleges the answers set forth in the preceding paragraphs 1-45 as though fully set forth herein.

46.    Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 46, but demands strict proof thereof, and therefore for purposes of this pleading denies same.

47.    Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 47, but demands strict proof thereof, and therefore for purposes of this pleading denies same.

48.    The allegations in paragraph 48 are denied.

WHEREFORE, Defendant RADIOACTIVE ENERGY OF ILLINOIS, LLC requests that judgment be entered in its favor and for any other relief this Court deems just and equitable.

## COUNT VI

### Violation of the Anticybersquatting
### Consumer Protection Act, 15 U.S.C. 1125(d)

49.  Defendant repeats and realleges the answers set forth in the preceding paragraphs 1-48 as though fully set forth herein.

50.  Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 50, but demands strict proof thereof, and therefore for purposes of this pleading denies same.

51.  Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 51, but demands strict proof thereof, and therefore for purposes of this pleading denies same.

52.  Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 52, but demands strict proof thereof, and therefore for purposes of this pleading denies same.

53.  The allegations in paragraph 53 are denied.

54.  The allegations in paragraph 54 are denied.

WHEREFORE, Defendant RADIOACTIVE ENERGY OF ILLINOIS, LLC requests that judgment be entered in its favor and for any other relief this Court deems just and equitable.

## COUNT VII

### Breach of Contract

55.  Defendant repeats and realleges the answers set forth in the preceding paragraphs 1-54 as though fully set forth herein.

56.  Defendant admits to the existence of the Agreements, affirmatively states that the Agreements speak for themselves, and denies the allegations set forth in paragraph 56, including subparagraphs A through O, inclusive, that are inconsistent therewith.

57.    The allegations in paragraph 57 are denied, including subparagraphs A through P, inclusive.

58.    The allegations in paragraph 58 are denied.

59.    The allegations in paragraph 59 are denied.

WHEREFORE, Defendant RADIOACTIVE ENERGY OF ILLINOIS, LLC requests that judgment be entered in its favor and for any other relief this Court deems just and equitable.

## COUNT VIII

### Fraud

60.    Defendant repeats and realleges the answers set forth in the preceding paragraphs 1-59 as though fully set forth herein.

61.    Defendant admits that, in or about February 2007, Ascher had telephone calls with Richard Saxby, but denies that Ascher had any meetings with Richard Saxby.  Any and all allegations set forth in paragraph 61 inconsistent herewith are denied.

62.    Defendant admits that, in or about February 2007, Ascher had telephone calls with Richard Saxby, but denies that Ascher had any meetings with Richard Saxby.  Answering further, Defendant denies that Ascher made any material misrepresentations to Saxby, and denies the remaining allegations set forth in paragraph 62.

63.    The allegations in paragraph 63 are denied, including the allegations implicit therein, and including subparagraphs A through F, inclusive.

64.    The allegations in paragraph 64 are denied, including the allegations implicit therein.

65.    Defendant admits that GZ entered into the Agreements with Ascher and REI, but denies it was a result of misrepresentations and denies making any misrepresentations. Defendant furthermore affirmatively states that the Agreements speak for themselves, and denies any and all further allegations set forth in paragraph 65 that are inconsistent therewith.

66.    The allegations in paragraph 66 are denied, including the allegations implicit therein.

67.    The allegations in paragraph 67 are denied, including the allegations implicit therein.

68.    The allegations in paragraph 68 are denied, including the allegations implicit therein.

WHEREFORE, Defendant RADIOACTIVE ENERGY OF ILLINOIS, LLC requests that judgment be entered in its favor and for any other relief this Court deems just and equitable.

### FIRST AFFIRMATIVE DEFENSE

69.    To the extent that Plaintiff is not the owner of the federal trademarks and/or any intellectual property rights arising therefrom, that have been raised in this case, and any and all claims and counts premised upon these marks and/or rights should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

70.    To the extent that Plaintiff is not the owner of the Illinois trademarks and/or any intellectual property rights arising therefrom, that have been raised in this case, and any and all claims and counts premised upon these marks and/or rights should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

71.    To the extent that the alleged trademarks are not distinctive of the goods, any and all claims under the Lanham Act and 765 ILCS 1036/70 should be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

72.    To the extent that the Plaintiff is not using the alleged trademarks, any and all claims under the Lanham Act and 765 ILCS 1036/70 should be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

73.    To the extent that the alleged trademarks are generic of goods, any and all claims under the Lanham Act and 765 ILCS 1036/70 should be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

74.     To the extent that the alleged trademarks are misdescriptive of the characteristics of the goods, any and all claims under the Lanham Act and 765 ILCS 1036/70 should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

75.     Plaintiff's claims for damages under the Lanham Act and 765 ILCS 1036/70 are barred in whole or in part because any purported use of the marks by Defendant were innocent and not in bad faith.

## EIGHTH AFFIRMATIVE DEFENSE

76.     To the extent that the alleged trademarks are not famous or well-known by the public, any and all claims under the Illinois Anti-Dilution Act should be dismissed.

## NINTH AFFIRMATIVE DEFENSE

77.     Because at the time that Defendant registered its domain at <radioactivena.com>, it had a reasonable belief that its use of the website and alleged trademarks was fair and lawful, any and all claims under 15 U.S.C. §1125(d) ("Anticybersquatting Consumer Protection Act") should be dismissed.

## TENTH AFFIRMATIVE DEFENSE

78.     To the extent that Defendant purportedly infringed the alleged trademarks, his use of the trademarks prior to September of 2007 was permitted under his Agreements with the Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

79.     Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE

80.     Plaintiff's claims under the Illinois Consumer Fraud and Deceptive Business Practices Act are barred in whole or in part for want of standing.

## THIRTEENTH AFFIRMATIVE DEFENSE

81.    To the extent that Plaintiff's First Amended Complaint fails to state claims upon which relief can be granted, it should be dismissed.

## FOURTEENTH AFFIRMATIVE DEFENSE

82.    To the extent that any claim is moot or not ripe for adjudication, that claim should be dismissed.

## FIFTEENTH AFFIRMATIVE DEFENSE

83.    To the extent that the Plaintiff seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

84.    Plaintiff breached its Agreements with Defendant prior to the time of the Defendant's alleged breach, and by reason of Plaintiff's breach, Defendant is excused of its duties to perform all obligations set forth in the Agreements.

## SEVENTEENTH AFFIRMATIVE DEFENSE

85.    Defendant was excused from making monthly minimum purchases because Plaintiff lacked the resources and ability, and therefore it would have been impossible for Plaintiff, to produce the product in the quantity called for by the Agreements.

## EIGHTEENTH AFFIRMATIVE DEFENSE

86.    Defendant was excused from performing under the Agreements because Plaintiff's own actions rendered Defendant's performance impossible.

## NINETEENTH AFFIRMATIVE DEFENSE

87.    Defendant was excused from performing under the Agreements because Plaintiff's own actions constituted breaches of the condition of cooperation implicit within the implied covenant of good faith and fair dealing.

### TWENTIETH AFFIRMATIVE DEFENSE

88.    Defendant was excused from performing under the Agreements because Plaintiff materially altered the product that was to be the subject of the Agreements by, amongst other things, changing the can's design to all black, no longer using glow-in-the-dark materials, and changing the ingredients of the beverage itself.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

89.    Defendant was excused from performing under the Agreements, on information and belief, because at the time the Agreements were entered and prior thereto, Plaintiff had decided to materially alter the product that was to be the subject of the Agreements by, amongst other things, changing the can's design to all black, no longer using glow-in-the-dark materials, and/or changing the ingredients of the beverage itself, without disclosing same to defendant, and therefore was guilty of fraud in the inducement.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

90.    Plaintiff engaged in conduct that constituted a waiver of its rights under the Agreements.    By reason of said waiver, Defendant was and is excused from further performance of its obligations under the Agreements.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

91.    In the event Defendant is found to have committed a wrong, Plaintiff has engaged in acts and courses of conduct which render them *in pari delicto*.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

92.    Each and every cause of action raised in the Complaint is barred under the doctrine of equitable estoppel by reason of the wrongful acts, omissions, representations and courses of conduct engaged in by Plaintiff, upon which Defendant was led to detrimentally rely.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

93.    Under the Agreements, the Defendant's performance of certain acts were contingent upon receipt of specific instructions from or actions of Plaintiff, thus Plaintiff's

authority, direction and cooperation was a condition precedent to any alleged obligation by the Defendant to perform under the Agreements, the absence of which excused Defendant's further performance.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

94.     Plaintiff breached the covenant of good faith and fair dealing implied in every contract by, amongst other things, awarding distributorships to others in Defendant's territories despite Defendant's exclusive distributorship rights under the Agreements, distributing to Jewel-Osco stores in Defendant's territories despite that Jewel-Osco was intentionally omitted from the excluded major retailers list so as to grant Defendant the exclusive right to distribute to Jewel-Osco in Defendant's territories, and otherwise intentionally failing to follow through with its duties and obligations under the Agreements.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

95.     Defendant has damages by reason of Plaintiff's conduct and asserts that Defendant has a right of setoff in the event that any amount of money is found to be due from Defendant by way of damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

96.     Plaintiff failed to mitigate and lessen any damages it may have sustained, as required by law, and is barred from recovery by reason thereof against Defendant.

WHEREFORE, Defendant RADIOACTIVE ENERGY OF ILLINOIS, LLC requests that judgment be entered in its favor and for any other relief this Court deems just and equitable.

Respectfully submitted,
MOMKUS McCLUSKEY, LLC

James F. McCluskey
Steven B. Ekker                                    By:     /s
Jennifer L. Moore                                         One of Their Attorneys
Momkus McCluskey, LLC
3051 Oak Grove Road, Suite 220
Downers Grove, IL 60515-1181
630.434.0400
Attorneys for Defendants              W:\26_59\4231.070508\Federal Court Action\Pleadings\Answer Final.doc

13