IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GZ GOURMET FOOD AND BEVERAGE, INC., | ) | |
| a California Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CV 7110 |
| | ) | Judge Dow |
| RADIOACTIVE ENERGY OF ILLINOIS, LLC, | ) | |
| an Illinois Limited Liability Company, and | ) | (motion to consolidate |
| WALTER ASCHER, an Individual, | ) | with No. 08 C 0311) |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO CONSOLIDATE ACTIONS AND DISCOVERY SCHEDULES

NOW COME the Defendants, RADIOACTIVE ENERGY OF ILLINOIS, LLC and WALTER ASCHER, (hereinafter "Defendants"), by and through their attorneys, MOMKUS McCLUSKEY, LLC, and in support of their motion to consolidate this action and its discovery schedule for all purposes with *Radioactive Energy of Illinois, LLC and Walter Ascher vs. GZ Gourmet Food & Beverage, Inc. and R. Richard Saxby*, Case No. 08 C 0311, state as follows:

## INTRODUCTION

1.      On October 5, 2007, Defendants filed a Verified Complaint in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, captioned *Radioactive Energy of Illinois, LLC, and Walter Ascher vs. GZ Gourmet Food & Beverage, Inc. and R. Richard Saxby,* and docketed therein as Case No. 2007L001046 (hereinafter referenced both as "Defendants' state court action" and "Defendants' removed state court action").

2.      On December 18, 2007, following service on GZ Gourmet Food & Beverage, Inc. and/or R. Richard Saxby in Defendants' state court action, GZ Gourmet Food & Beverage, Inc., filed the instant complaint in the United States District Court for the Northern District of Illinois,

Eastern Division, captioned *GZ Gourmet Food & Beverage, Inc. vs. Radioactive Energy of Illinois, LLC, and Walter Ascher,* and docketed as Case No. 07 CV 7110 (hereinafter "GZ's federal action").

3.      Thereafter, on January 14, 2008, Plaintiff filed a Notice of Removal, thereby removing Defendants' state court action to the United States District Court for the Northern District of Illinois.  Upon removal, that action was assigned to the Honorable Judge Andersen, however, to date, no initial status date has been assigned to the removed state court action.

4.      Because both actions concern substantially the same parties and issues of law and fact, and arise out of the same events, consolidation is warranted and appropriate.

5.      Further, Plaintiff has orally agreed to consolidation, provided that discovery and other deadlines can run parallel with one another.  Given the very early stages of both matters, such an accommodation would be warranted, as consolidation can only help to expedite the ultimate resolution of the disputes between the parties in a more efficient, timely and less expensive way than the alternative.

## **BACKGROUND**

6.      Radioactive Energy of Illinois ("RE of I") was formed for the exclusive purpose of marketing, distributing, and selling beverages, and specifically the energy drink known as Radioactive Energy.  Walter Ascher is the principal of RE of I.

7.      GZ Gourmet Food and Beverage ("GZ") is in the business of creating, manufacturing, marketing and distributing beverages and owns the energy drink known as Radioactive Energy.  On information and belief, R. Richard Saxby is its principal.

8.      On March 2, 2007, GZ by Saxby, and Ascher, entered into an exclusive distributorship agreement for the distribution and sale of the Radioactive Energy drink, granting Ascher exclusive distribution rights to distribute the energy drink in three (3) states: Illinois, Florida and Texas, except to a number of expressly delineated "major" retailers.  In exchange and

consideration for these exclusive distribution rights, Ascher paid GZ and Saxby the sum of $592,600.00 and additionally paid $7,400.00 for the purchase of stock in the energy drink company.

9.     On March 14, 2007, a second exclusive distributorship agreement was entered into between GZ by Saxby, and Ascher, granting Ascher exclusive distribution rights to distribute the energy drink in four (4) additional states: Arizona, Nevada, New York and Wisconsin, except to a number of expressly delineated "major" retailers.   In exchange, Ascher agreed to sponsor the product, financially and otherwise.   To this end, amongst other things, Defendants procured a NASCAR sponsorship of the product at an out-of-pocket cost of approximately $1.8 million dollars and rented six (6) Radioactive Energy drink billboards, at an aggregate monthly rental rate of approximately $57,000.00.

10.     Nonetheless, a multitude of disputes arose between the parties arising from the relationship created by the distributorship agreements, prompting Defendants' removed state court complaint.

## DEFENDANTS' REMOVED STATE COURT ACTION

11.     In Defendants' removed state court complaint, amongst other allegations, RE of I and Ascher have alleged that not long after GZ and Saxby entered into the exclusive distributorship agreements with Defendants, they entered into similar contracts with a separate and competing entity, located within the same state as Defendants, which granted that entity the right to sell and distribute the product anywhere in the United States, including within Defendants' seven (7) state exclusive distribution territory.

12.     Defendants also alleged that while under the distributorship agreements they were granted distribution rights to Jewel-Osco in one (1) or more states within their seven (7) state exclusive distribution territory, GZ and Saxby nonetheless, either directly or through agents acting

on their behalf, undertook distribution of the energy drink, themselves, to Jewel-Osco in said states, preventing Defendants from distributing the energy drink to this major retailer.

13.     The removed state court complaint alleges breaches of the distributorship agreements arising out of the aforementioned described activities, as well as other breaches surrounding product pricing, notice concerning increases in product pricing, material changes to what had been glow-in-the-dark cans to non-glowing all black cans, and material changes to the ingredients of the beverage itself.  Additionally, Defendants alleged that GZ and Saxby undermined Defendants' attempts and ability to effectively distribute the product, in addition to the aforementioned, by: (a) refusing to allow Defendants' website to interface with GZ's and Saxby's Radioactive Energy website; (b) failing to provide Defendants with necessary information concerning the product; (c) failing to provide Defendants with necessary point-of-sale materials, such as coolers, product literature, and the like; (d) underselling the product to the aforementioned other entity within Defendants' seven (7) state territory; and, (e) on information and belief, agreeing to provide certain quantities of product when GZ and Saxby did not have the financial wherewithal to produce and deliver said quantities.

14.     Defendants' removed state court action further alleges: unjust enrichment arising from Defendants' out-of-pocket expenditures to advertise the Radioactive Energy drink product, including those expenditures surrounding the NASCAR sponsorship and billboards; fraud associated with inducing Defendants to enter into the distributorship agreements and to make the substantial out-of-pocket expenditures to promote GZ's and Saxby's product; and, breaches of the implied covenants of good faith and fair dealing.

## GZ'S FEDERAL ACTION

15.     GZ's federal complaint concerns the same legal and factual issues and arises out of the same events and relationships addressed in Defendants' removed state court complaint: the

rights granted to and obligations owed under the distributorship agreements and related dealings and operations by, between and/or on behalf of RE of I and Ascher on the one hand, and GZ on the other, as pertaining to the distributorship agreements.

16.     GZ's federal complaint includes allegations under the Lanham Act pertaining to RE of I's internet website and the billboard advertisements paid for by Ascher towards sponsorship and marketing of the product as called for under the distributorship agreements.  GZ's federal complaint further alleges misrepresentation on the part of Ascher in order to become a distributor of the product; breaches of the distributorship agreements in failing to reasonably distribute and sell the product in the assigned territories, failing to purchase minimum quantities of product, and failing to pay for certain shipments of product; and, creating and using unapproved marketing materials in attempting to distribute and sell the product.

<u>**CONSOLIDATION OF THE TWO ACTIONS IS APPROPRIATE**</u>

17.     Federal Rule of Civil Procedure 42(a) permits the consolidation of actions when there is "a common question of law or fact."

18.     While FRCP 42(a) requires only that there be one common question of law or fact to support consolidation, Defendants' removed state court action and GZ's federal court action contain numerous common questions of both law and fact, and indeed are almost identical in the issues of law and fact presented, as both actions arise out of disputes concerning the rights and obligations arising from the distributorship agreements entered into between the parties.

19.     Additionally, the parties in the two cases are essentially the same. In both actions, Radioactive Energy of Illinois, LLC, Walter Ascher, and GZ Gourmet Food & Beverage, Inc. are named parties to the litigation.  The only difference in named parties is that in Defendants' removed state court action, Saxby, GZ's principal, was named, while in GZ's federal court action he was not.

20.     Courts are granted "broad discretion to determine whether to consolidate actions." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). In determining whether to consolidate cases, the Court "must weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause." *Vazquez Rivera v. Congar Inter. Corp.*, 241 F.R.D. 94, 95 (D. Puerto Rico 2007).

21.     Further, Courts have held that consolidation of actions is warranted in the interests of justice where the parties, facts and issues are substantially the same and the actions arise out of the same contract, such as in the cases at bar.  *See OHM Remediation Services Corp. v. Hughes Environmental Systems, Inc.*, 952 F.Supp. 120, 121 (N.D.N.Y. 1997) (holding that it was appropriate to consolidate an action brought by a manufacturer against a general contractor with the action brought by the general contractor against the manufacturer's subsidiary where the actions arose out of the same contract); *Edward Kraemer & Sons, Inc. v. City of Kansas City, Kan.*, 874 F.Supp. 332, 336 (D. Kan., 1995) (granting motion for consolidation where both cases involved the same underlying facts and arose out of the same contract for construction).

22.     As the two actions in question concern substantially the same parties and issues of law and fact, and arise out of the same events, the consolidation of these actions would result in considerable savings of time and effort.  In contrast, maintaining separate cases would result in needless duplication of time and resources for both the Court and the parties.

23.     Furthermore, there would be no prejudicial delay resulting from consolidation because neither action has progressed beyond the discovery stage.  As noted, no initial status date has been assigned in the removed action and the parties in the instant action only recently exchanged their Rule 26(a)(1) disclosures.

24.     Given the commonality of the parties and the legal and factual issues, coupled with the very early stages of both matters, consolidation is warranted, as consolidation can only help to

expedite the ultimate resolution of the disputes between the parties in a more efficient, timely and less expensive way than proceeding separately under both actions.

WHEREFORE, Defendants, RADIOACTIVE ENERGY OF ILLINOIS, LLC and WALTER ASCHER, respectfully request that this Honorable Court enter an order consolidating this action and its discovery schedule for all purposes with *Radioactive Energy of Illinois, LLC and Walter Ascher vs. GZ Gourmet Food & Beverage, Inc. and R. Richard Saxby*, Case No. 08 C 0311, and for what other relief that this Court deems just and appropriate.

Respectfully Submitted,

MOMKUS McCLUSKEY, LLC

By: _____/s/ Steven B. Ekker _____
　　　　　　　　One of Its Attorneys

James F. McCluskey
Steven B. Ekker
Jennifer L. Moore
Lauryn E. Parks
Momkus McCluskey, LLC
3051 Oak Grove Drive, Suite 220
Downers Grove, Illinois 60515
630.434.0400
Attorneys for the Plaintiffs
Attorney No. 20508
W:\26_59\4231.070508\Pleadings\Motion to Consolidate SBE Merged final.doc