# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7110 (consolidated for all purposes with 08 C 311) | **DATE** | 8/31/2010 |
| **CASE TITLE** | GZ Gourmet Food & Beverages vs. Radioactive Energy of Illinois, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's motion for sanctions [69] is denied without prejudice, Plaintiff's motion for extension of time to complete discovery is denied without prejudice [70], and the motion of counsel for Plaintiff to withdraw as attorney [72] is granted, contingent upon counsel serving on Plaintiff by registered mail a copy of this minute order and then placing on the docket the return slip as evidence of compliance with the Court's directive. Plaintiff is given until the next status date, 10/5/2010 at 9:00 a.m., to retain counsel in this matter. In view of the record of delay attributable to Plaintiff's inaction in this case, failure to retain and appear at the next status hearing through counsel may lead to sanctions, up to and including the dismissal of Case No. 07-cv-7110 for want of prosecution and the entry of default judgment in Case No. 08-cv-311. Please see below for further explanation.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court are several related motions: Defendants' motion for sanctions [69], Plaintiff's motion for extension of time to complete discovery [70], and the motion of counsel for Plaintiff to withdraw as attorney [72]. It is evident from the motions and from the discussions on the record in open court at the recent status and motion hearings that Plaintiff has not communicated with counsel in recent months and that Plaintiff is several months overdue in responding to outstanding discovery requests. In short, Plaintiff has not indicated any willingness to properly move this case forward. The breakdown of the relationship between Plaintiff and counsel is sufficient ground for granting the motion to withdraw, contingent upon counsel serving on Plaintiff by registered mail a copy of this minute order and then placing on the docket the return slip as evidence of compliance with the Court's directive.

As the Court noted at the August 24 motion hearing, this is in some respects an instance of "deja vu all over again," except that the prior period of delay in this case was attributable to *Defendant*'s inaction. However, after the Court expressly warned Defendant of the consequences of continued failure to respond to court orders and properly litigate a case [see 60], Defendant retained substitute counsel [see 62] who is now trying to move the case forward. The time has now come for another round of warnings.

Rather than imposing sanctions at this time, as Defendant has requested, in an abundance of caution and cognizant of the Seventh Circuit's preference for litigation on the merits and reluctance to see district judges employ the drastic sanction of a default judgment, the Court will give Plaintiff one additional opportunity to obtain substitute counsel, respond to the outstanding discovery requests, and indicate a willingness to properly

| STATEMENT |
|---|

litigate this case. In regard to counsel, as the Court previously has explained, "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). Plaintiff thus may not litigate without retaining licensed counsel. Plaintiff is given until the next status date, 10/5/2010 at 9:00 a.m., to retain counsel in this matter. The Court denies Plaintiff's motion for extension of time to complete discovery at this time [70], but the denial is without prejudice. The Court will take up the matter of further discovery at the next status conference if Plaintiff complies with the remainder of this order.

Failure to retain and appear at the next status hearing through counsel may lead to sanctions, up to and including the dismissal of Case No. 07-cv-7110 for want of prosecution and the entry of default judgment in Case No. 08-cv-311. When parties to litigation disregard deadlines and fail to properly litigate a case in a timely fashion, the resulting delay in the prosecution and disposition of cases imposes significant costs and hardships on their litigation adversaries and on the judicial system. Where, as here, the delays and disregard are sufficiently severe, the Seventh Circuit has held that a default judgment "may be used to bring recalcitrant litigants to heel or penalize tactics designed to cause substantial prejudice to the adversary." *Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007); see also *Harrington v. City of Chicago*, 433 F.3d. 542, 549-50 (7th Cir. 2006) (explaining that (1) district courts should not dismiss a case on failure to prosecute grounds without due warning to plaintiff's counsel, (2) district courts need not repeat their dismissal warnings, and (3) the district court "was on solid ground" in dismissing a case when counsel failed to appear at court date following issuance of dismissal warning); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003); *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984).