# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7110 | **DATE** | 12/7/2010 |
| **CASE TITLE** | GZ Gourmet vs. Radioactive Energy, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendants/Counter-Plaintiffs Radioactive Energy of Illinois, LLC and Walter Ascher's third motion for sanctions and motion for dismissal and judgment [80] is granted to the following extent: the Court dismisses the complaint of Plaintiff/Counter-Defendant GZ Gourmet Food and Beverage, Inc. [1] for want of prosecution, and enters an order of default against GZ Gourmet Food and Beverage, Inc. on the complaint of Counter-Plaintiffs Radioactive Energy of Illinois, LLC and Walter Ascher (originally filed in Case No. 08-cv-311, now consolidated with this case). Defendants/Counter-Plaintiffs' further request for an award of fees and costs associated with the motion is respectfully denied. Plaintiff/Counter-Defendant's request for continuance / extension is respectfully denied. This matter is set for prove-up on 1/7/2011 at 9:00 a.m.

■[ For further details see text below.]    Docketing to mail notices.Notices mailed by Judicial staff.

# STATEMENT

This case, now nearing three years of age, has been stalled repeatedly by difficulties that both sides have had in retaining and keeping lawyers to represent their interests. Because there are corporate parties on each side of the case, the participation of licensed attorneys is essential to moving the case forward. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("a corporation may appear in the federal courts only through licensed counsel"). Radioactive Energy went through a period of time last year in which it had to be warned repeatedly to obtain counsel before it finally made such arrangements [see 47, 52, 59, 60], thus staving off a motion for dismissal for want of prosecution and entry of default. GZ has been in a similar position since late August, when its attorney was given leave to withdraw [see 75].

Currently before the Court are two motions filed by Defendants/Counter-Plaintiffs Radioactive Energy of Illinois, LLC and Walter Ascher [77, 80] seeking sanctions and entry of an order dismissing certain claims of Plaintiff/Counter-Defendant GZ Gourmet Foods, Inc. for want of prosecution and seeking entry of default (and default judgment) on certain claims asserted by Radioactive and Ascher in their complaint (which originally was filed in Case No. 08-cv-311, now consolidated for all purposes with this case [see 34]). These motions have been under advisement following the denial without prejudice of a prior motion seeking similar relief [see 69, 75]. The Court has convened two hearings in which the circumstances giving rise to the motions have been discussed

## STATEMENT

in open court, with GZ's CEO, Richard Saxby, appearing by telephone. During those hearings, as well in numerous court orders [see 75, 79, 82], the Court has (1) advised Mr. Saxby of the requirement that his company retain counsel if it wishes to litigate this case on the merits. (2) warned him of the consequences of failing to comply with that requirement, and (3) given him additional time to retain counsel. Thus, since at least mid-September GZ and Saxby have been aware of both the need to obtain counsel and the consequences of not doing so.

In the most recent court appearance on November 24, the Court gave GZ and Saxby one final extension of time to retain counsel until December 3. During that court appearance, the Court clearly informed Mr. Saxby that if counsel for GZ did not have an appearance by counsel on file by that date, GZ's claims as Plaintiff would be dismissed for want of prosecution and an order of default would be entered on Radioactive's and Ascher's counterclaims. No appearance was filed on behalf of GZ by the December 3 deadline.

Instead, the Court has received a document entitled "Notice of Motion for Continuance / Extension" transmitted by Mr. Saxby to counsel for Radioactive and Ascher and from counsel to the Court by e-mail. In its latest "motion," GZ requests a further extension of time to obtain an attorney "due to the holiday season and extenuating circumstances." GZ describes its recent efforts to locate replacement counsel – efforts that GZ contends have been complicated by the fact that its prospective lawyers are busy and seemingly preoccupied with the holiday season.

Because the "motion" has not been filed with the Clerk of the Court (at least as of this date), the Court declines to formally consider it. But even if the "motion" had been filed properly, it would not be granted. Regrettably for GZ, the efforts that it describes should have begun long before the holiday season was even on the near horizon. In fact, the record shows that GZ was on notice of its obligation to obtain replacement counsel no later than September 13, when someone in Mr. Saxby's office signed for registered mail delivery of the Court's August 31 minute order [see 76-2, page 2]. That minute order explicitly warned GZ of the potential consequences of failing to abide by the Court's order to obtain counsel by the then-applicable deadline of October 5. GZ missed that deadline and since then has missed two additional deadlines (of November 4 and December 3). As the Court noted on the record at the November 24 motion and status hearing, the Court granted the further extensions requested by GZ to November 4 and then to December 3 only because of Radioactive's similarly tortured path to locating and retaining counsel. However, as the Court endeavored to impress upon Mr. Saxby at each of the last two hearings, at some point deadlines must stick and the failure to meet those deadlines must have consequences. The case has now reached that point.

As the Court explained previously, when parties to litigation disregard deadlines and fail to properly litigate a case in a timely fashion, the resulting delay in the prosecution and disposition of cases imposes significant costs and hardships on their litigation adversaries and on the judicial system. Where, as here, the delays and disregard are sufficiently severe, the Seventh Circuit has held that an order of default and/or default judgment "may be used to bring recalcitrant litigants to heel or penalize tactics designed to cause substantial prejudice to the adversary." *Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007); see also *Harrington v. City of Chicago*, 433 F.3d. 542, 549-50 (7th Cir. 2006) (explaining that (1) district courts should not dismiss a case on failure to prosecute grounds without due warning to plaintiff's counsel, (2) district courts need not repeat their dismissal warnings, and (3) the district court "was on solid ground" in dismissing a case when counsel failed to appear at court date following issuance of dismissal warning); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003); *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984). Here, as a consequence of GZ's repeated failures to comply with this Court's prior orders to obtain counsel [see 75, 79, 82], Radioactive Energy's and Ascher's third motion for sanctions and motion for dismissal and judgment [80] is granted to the following extent: the Court dismisses GZ's complaint for want of prosecution occasioned by the

| STATEMENT |
|---|
| failure to obtain counsel and enters an order of default in favor of Radioactive Energy and Ascher on their complaint (originally filed in Case No. 08-cv-311, now consolidated with this case).<br><br>Finally, given the number of motions that were required last year to spur the now-prevailing parties to retain counsel and properly litigate this case themselves, the Court declines Radioactive Energy's and Ascher's further request for an award of fees and costs associated with their motions for sanctions, dismissal, and judgment. Far too many resources – both of the litigants and the Court – have been spent on these issues and both sides share in that blame. Ultimately, Radioactive and Ascher retained counsel before the Court's final deadline; GZ did not. Nevertheless, because there is plenty of blame to go around in regard to the spate of sanctions motions filed in this case, the fees and costs incurred in litigating those motions will be borne by both sides. |